# IN THE COURT OF APPEALS OF IOWA

No. 19-1065
Filed November 30, 2020

**JERIMIAH QUINN,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.


Jerimiah Quinn appeals the denial of his application for postconviction relief.

**AFFIRMED.**


G. Brian Weiler, Davenport, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee State.


Considered by Mullins, P.J., May, J., and Gamble, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**MULLINS, Presiding Judge.**

In 1996, Jerimiah Quinn pled guilty to drug charges stemming from law enforcement executing a search warrant on three residences at an apartment complex. The minutes of evidence disclosed unit two was occupied by Quinn and a woman. When the search warrant was executed, the woman was found in unit two, as were controlled substances and indicia of Quinn's residency in the unit. Quinn was located in another one of the units that was searched. At the ensuing plea hearing, Quinn admitted he resided at the apartment where the drugs were located, he had been selling the drugs, and he failed to affix drug-tax stamps. The supreme court dismissed Quinn's appeal as frivolous, and procedendo issued in 1997.

Quinn filed a generic pro se application for postconviction relief in March 2018. Weeks later, our supreme court issued its ruling in *Schmidt v. State*, 909 N.W.2d 778, 795 (Iowa 2018) (allowing a freestanding actual-innocence claim). Thereafter, Quinn's court-appointed counsel amended his application to argue his conviction was unconstitutional and "there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction and sentence in the interests of justice, namely: [Quinn] is not guilty of the crimes that he pled guilty to." In its answer and motion for summary disposition, the State argued Quinn's application was barred by the statute of limitations contained in Iowa Code section 822.3 (2018).

In his brief, Quinn stated (1) he was with his cousin "on the day of the search warrant execution and for several days preceding that day"; (2) on the day the warrant was executed, the cousin "never saw Quinn around unit two or engaged

in any behavior relating to trafficking drugs"; and (3) the cousin "had not seen Quinn engage in or discuss such behavior at any time prior to the execution of the search warrant." Quinn additionally claimed he pled guilty because the woman found in unit two was pregnant with his child and he did not want her to be incarcerated during her pregnancy. Quinn claimed he was actually innocent within the meaning of *Schmidt* and his application was not barred by the statute of limitations because *Schmidt* amounted to a new ground of law that could not have been raised within the three-year limitations period.

At the ensuing hearing, Quinn's cousin generally testified to the allegations contained in Quinn's brief. The court found Quinn's application to be time-barred, essentially concluding the evidence presented at the postconviction-relief hearing was available to Quinn within the limitations period and *Schmidt* did not serve as an exception to the statute of limitations because Quinn could have asserted his actual innocence at trial instead of pleading guilty.

Quinn appeals, claiming the "court violated [his] due process rights by ruling that his claim was time-barred when it was based on legal grounds that could not have been raised until 2018." We have stated that "*Schmidt* is a new ground of law" sufficient to avoid the time bar of section 822.3. *Penticoff v. State*, No. 19-0975, 2020 WL 5229186, at *2 (Iowa Ct. App. Sept. 2, 2020), *further review denied* (Nov. 4, 2020). *Schmidt* recognized a freestanding claim of actual innocence for individuals who plead guilty. 909 N.W.2d at 795. But Schmidt's claim of actual innocence was based on a new ground of fact—victim recantation. *Id.* at 782–83. The supreme court found the complaining witness's "recantation was not available to Schmidt within the three-year period following the date of his conviction and

Schmidt could not have discovered the recantation earlier than he did in the exercise of due diligence." *Id.* at 799.

We have found *Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period. *See, e.g.*, *Fischer v. State*, No. 18-0450, 2019 WL 1473066, at *2 (Iowa Ct. App. Apr. 3, 2019); *Bryant v. State*, 18-1038, 2019 WL 1300439, at *2 (Iowa Ct. App. Mar. 20, 2019), *further review denied* (May 16, 2019); *see also Brewbaker v. State*, No. 18-1641, 2020 WL 5944205, at *2 (Iowa Ct. App. Oct. 7, 2020) (finding reliance on *Schmidt* misplaced because, "[u]nlike *Schmidt*, [the applicant's] actual-innocence claim is not based on a newly discovered fact that could not have been discovered within the three-year time frame"). The new-ground-of-fact analysis is a component of a claim of actual innocence based upon alleged newly discovered evidence found after the three-year limitations period, and the ground-of-fact exception only overcomes the statute of limitations if it could not have been raised within the limitations period. The evidence presented to support Quinn's claim of actual innocence was unquestionably available to him within the limitations period. While Quinn notes *Fischer* and *Bryant* are unpublished, non-binding precedent and argues they were "incorrectly decided," we see no reason to change course.

We affirm the denial of Quinn's application for postconviction relief.

**AFFIRMED.**